so rendered against the principal is only prima facie evidence against them; that, not being a conclusive adjudication as to them, they are still at liberty, when called upon to pay in accordance with its requirements, to contest the same, and show wherein its provisions and requirements are erroneous. But evidently this puts them in a false position with reference to the claim made against them. They are confronted with an apparent adjudication in favor of that claim, and the burden is thrown upon them of overcoming it. Every item charged upon such accounting against their principal is presumed to have been properly charged, and this presumption the sureties are required to overcome by proof. Such presumption has been obtained by the claimants in violation of the statute, and is one to which they are not entitled. It gives them an undue advantage over the sureties, and operates to their prejudice.

The order appealed from should be reversed, and the application of the sureties should be granted.

---

(31 App. Div. 312.)·

ROSENBAUM v. TOBLER.

(Supreme Court, Appellate Division, First Department. June 17, 1898.)

SECURITY ON APPEAL.

Appeal from judgment of foreclosure and sale being by parties who are neither in possession of the premises, nor against whom judgment of deficiency is awarded, application to fix security and for stay should not be made under Code Civ. Proc. § 1331, providing that if appeal is taken from a judgment entitling respondent to immediate possession, or directing sale or delivery of possession of real property, it does not stay execution, till giving of undertaking that appellant will not, "while in possession," commit waste, and, if judgment is affirmed, will pay for use and occupation, and further providing that, if the judgment directs a foreclosure and sale of mortgaged real estate, an undertaking is sufficient to stay the execution which is to the effect that, if the judgment is affirmed, the appellant will pay any deficiency which may occur on the sale.

Action by Daniel Rosenbaum against Charlotte Tobler individually and as administratrix of Henry M. Silverman and others. There was judgment for plaintiff. From an order denying application to fix security and for stay, said Tobler and other defendants appeal. Affirmed.

The following is the opinion of the court below (STOVER, J.):

The application is to fix security, under section 1331 of the Code, and, upon the fixing of the amount thereof, that a stay be granted. The action is one of foreclosure, and judgment of foreclosure and sale has been perfected in favor of the plaintiff. The appeal is taken by a party who is neither in possession of the premises, nor against whom a judgment of deficiency is awarded by the judgment. I think section 1331 applies only to the class of persons therein named, viz. those who are in possession of the property, or against whom a judgment of deficiency is awarded by the judgment; and in those cases the court should fix the amount, not exceeding which they should be liable upon the undertaking. The defendants here, I think, are in no position to avail themselves of the provisions of that section; but, if a stay is desired, it should rather be applied for under sections 1351 and 1352. It would be idle to require the defendants who appeal herein to give an undertaking that "while in possession" they will not suffer or permit any

waste of the premises, and there can be no adequate protection for the plaintiff in the action, except under the general provisions of sections 1351 and 1352. The order therefore may provide for a stay, upon the defendants filing an undertaking, with two sureties, in the sum of $5,000, to the effect that, if the judgment is affirmed or the appeal is dismissed, the appellants will pay any deficiency which may occur upon the sale, with interest and costs, and all expenses chargeable against the proceeds of the sale, and all costs and damages which may be awarded against them on appeal; such undertaking to be approved by the court, and duly filed, and a copy thereof, with notice of filing, served on the respondent's attorney on or before April 13th. Order signed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

B. N. Cardozo, for appellant.
W. K. Hall, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of STOVER, J., in the court below.

---

(24 Misc. Rep. 425.)

PEOPLE ex rel. ROCKEFELLER v. HAIGHT et al.

(Supreme Court, Special Term, Dutchess County. August, 1898.)

1. TAXATION—REVIEW OF ASSESSMENT—REFERENCE.
A referee to whom the question of the value of lands for assessment for taxes was submitted on certiorari for review found that the assessment roll was illegal, but found no fact showing its illegality. The assessors admitted the illegality, and asked that the whole tax be stricken from the roll. Held, that the assessors had no power to consent to the illegality, and the tax, for the purposes of the writ, would be deemed valid.

2. SAME—UNEQUAL ASSESSMENTS—REFERENCE.
A referee found that the valuation of lands on an assessment roll for taxes was unequal, but found no fact to enable the court to correct the inequality. Held, that the roll would stand as it was, so far as affected by such objection.

3. SAME—REVIEW OF ASSESSMENT—EVIDENCE.
In a proceeding on certiorari to review an assessment, a witness testified as to the cost of a portion of the improvements on his real estate, and also that he was not acquainted with the cost of the remainder of the improvements. He was asked if the entire property was worth a certain amount. The question was rejected. Held not erroneous, since, if the witness did not know the cost, he could not state if the improvements increased the value as much as the cost.

4. SAME—VALUATION OF PROPERTY—EVIDENCE.
On a hearing by a referee as to the whole value of property for taxation, proof was offered as to the value of plumbing in a building, with an offer to prove the value of separate portions of the structure. Held that, the entire value having been shown, proof as to the value of component parts was improper.

5. SAME—MALICIOUS ASSESSMENT.
An assessment of property for taxation was placed at an extravagant amount. It was shown that the assessor had said that he would drive the owner from the town, by putting an unequal burden on him, and making his life unpleasant. Held sufficient to support a finding that the assessment was maliciously made.